UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00049-LLK

**ANTHONY NEAL GRIDER**                                                                                                    **PLAINTIFF**

v.

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis and motion for extension of time to file his complaint.  Dockets 1 and 2.

For the reasons below, the Court will DENY the motions.

**Motion for extension of time to file complaint**

Plaintiff, through counsel, seeks to file a complaint for judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision denying his claim for Social Security disability benefits.

42 U.S.C. § 405(g) establishes a 60-day statute of limitations for filing a civil action in federal district court seeking judicial review of a final decision by the Commissioner denying a claim for Social Security disability benefits.[1]

Section 405(g) states that a complaint seeking judicial review must be filed within the prescribed statute of limitations "or within such further time as the Commissioner of Social Security may allow." This provision has been strictly construed to permit extensions of time (outside the limitations period)

---

[1] Section 405(g) provides, in pertinent part, that: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."
The applicable regulations examining § 405(g) clarify that a claimant must file suit within 60 days after the Appeals Council's notice of denial or notice of decision is "received by the individual, institution, or agency." 20 C.F.R. § 422.210(c).  "[T]he date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id.

only by the Commissioner pursuant to 20 C.F.R. § 404.982.[2]  See Bowen v. City of New York, 476 U.S. 467 (1986).  After the Commissioner denies a Section 404.982 motion (and administrative remedies have been exhausted), the district court may review the agency denial, applying traditional equitable tolling principles to determine whether the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate."  Id. at 480.

The Court is not in possession of the administrative record and has no way of knowing whether the statute of limitations has already run.  In either case, Plaintiff has not demonstrated exhaustion of administrative remedies and, hence, entitlement to an extension of time in which to file his complaint.

### Motion for leave to proceed in forma pauperis

28 U.S.C. § 1915(a) provides that the Court "may authorize the commencement" of an action without prepayment of fees upon a showing of the plaintiff's indigence.  Ordinarily, an action is commenced by the filing of a complaint.  No complaint has been filed in this case.

Therefore, the motion to proceed in forma pauperis is premature and will be denied without prejudice to Plaintiff's ability to re-file when and if he files a complaint.

---

[2] Section 404.982 provides, in pertinent part, that: "Any party to the Appeals Council's decision or denial of review … may request that the time for filing an action in a Federal district court be extended.  The request must be in writing and it must give the reasons why the action was not filed within the stated time period.  The request must be filed with the Appeals Council….  If you show that you had good cause for missing the deadline, the time period will be extended.  To determine whether good cause exists, we use the standards explained in § 404.911."

**Order**

It is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (Docket 1) is DENIED without prejudice; and

2. Plaintiff's motion for extension of time to file his complaint (Docket 2) is DENIED without prejudice.